955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard McCRACKEN, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 91-3480.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before MILBURN and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 McCracken was employed by General Electric from March 26, 1951, until he voluntarily retired effective June 1, 1988. Plaintiff was employed in defendant's Lighting Information Systems Operation (LISO). In April of 1987, LISO underwent a reorganization at which time defendant laid off certain LISO employees because it had eliminated their positions. However, plaintiff was reassigned from his manager position to that of a project leader. He retired in 1988.
 
 
 4
 In the complaint, plaintiff alleged that he was entitled to income extension aid (IEA) benefits pursuant to the defendant's Layoff Benefit Plan (Plan). Specifically, he refers to Section 1 of the Plan and states that he was "affected" by a layoff and thus was entitled to IEA benefits. The district court granted summary judgment for the defendant. Plaintiff appealed.
 
 
 5
 On appeal, plaintiff argues that he was adversely affected by the lay off in 1987 and that he was entitled to IEA benefits when he retired in 1988.
 
 
 6
 The court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602 (6th Cir.1988).
 
 
 7
 After careful consideration, we affirm the district court's judgment for the reasons stated by the district court in its memorandum opinion filed April 25, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation